UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

vs.

SAMUEL L. WHITAKER,

Defendant.
_____

DECISION AND ORDER

12-CR-6147-CJS
20-CV-6421 CJS

INTRODUCTION

Now before the Court is a motion (ECF No. 55) by Samuel Whitaker ("Whitaker"

or "Defendant") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §

2255.  For the reasons discussed below, the application is denied.

BACKGROUND

The reader is presumed to be familiar with the history of this action.  Briefly, on

November 15, 2012, Whitaker appeared before this Court, waived Indictment, and pled

guilty to a two-count Information.  Count 1 charged conspiracy to manufacture, to possess

with intent to distribute, and to distribute 280 grams or more of cocaine base in violation

of 21 U.S.C. § 846, and Count 2 charged possession of a firearm in furtherance of a drug

trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(ii).   The Court accepted the plea

agreement and, on November 29, 2018, sentenced Whitaker principally to a term of

imprisonment of 151 months.   Pursuant to the terms of the plea agreement, Whitaker did

not file a notice of appeal.

On June 15, 2020, Whitaker, proceeding *pro se*, filed the subject motion pursuant

to 28 U.S.C. § 2255, predicated upon the Supreme Court's decision in *United States v.*

*Davis*, 139 S. Ct. 2319 (2019) ("*Davis*"). In that regard, Whitaker's motion acknowledges that his conviction under § 924(c) involved his possession of a firearm in furtherance of a drug trafficking crime. Nevertheless, Whitaker argues, as his sole ground for relief, that he is entitled to relief under *Davis*, since in *Davis* the U.S. Supreme Court "held that a conspiracy to commit a crime could not support a conviction for use of firearm during a *crime of violence*." Section 2255 Motion at p. 5. (emphasis added).

On July 17, 2020, the Government filed a response (ECF No. 59), opposing the motion on the ground that *Davis* is "inapplicable" here, since Whitaker's § 924(c) conviction involved a drug trafficking crime, not a crime of violence. *See, id*. at p. 3 ("*Davis* is inapplicable, as Whitaker was not charged with possessing a firearm in furtherance of a *crime of violence*, but instead was charged with possession of a firearm in furtherance of *drug trafficking crime*.") (emphasis in original).

The Court has considered the parties' submissions and, for the reasons set forth below, denies Whitaker's application.

ANALYSIS

Defendant's *Pro Se* Status

Since Whitaker is proceeding *pro se*, the Court has construed his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994). Liberally construing Whitaker's Section 2255 motion, he maintains that his conviction under Count 2, for violating 18 U.S.C. § 924(c)(1)(A), is unconstitutional, since that statute is unconstitutionally vague. In that regard, Whitaker cites only *Davis*, in which the Supreme Court held that the definition of a "crime of violence" in 18 U.S.C.§ 924(c)(3)(B) was unconstitutionally vague.

<u>Section 2255 Principles</u>

Whitaker is proceeding under 28 U.S.C. § 2255, which provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  "[A] collateral attack on a final judgment in a federal criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir.1995) (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)).

<u>An Evidentiary Hearing is Not Required</u>

The Court may dismiss a section 2255 petition without conducting a hearing if the petition and the record "conclusively show" that the defendant is not entitled to relief. 28 U.S.C. § 2255(b).  Here, the Court finds that a full evidentiary hearing is not required because there are no material factual disputes, and the record conclusively shows that Whitaker is not entitled to relief.

<u>Whitaker's Contention That He Was Convicted Under an</u>
<u>Unconstitutionally Vague Statue Lacks Merit</u>

As discussed earlier, Whitaker indicates that his motion is based on the Supreme Court's decision in *Davis*, which held that 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague.  As Respondent correctly notes, that statute refers to a "crime of violence."

Indeed, § 924(c)(3) states:

> For purposes of this subsection the term 'crime of violence' means an offense that is a felony and – (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

And, as Respondent also correctly notes, that is not the section of law under which Whitaker was convicted.   Rather, he was convicted of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).

Consequently, the Supreme Court's decision is *Davis* is not applicable to Whitaker's § 924(c) conviction:

> Barret argues on appeal that his § 924(c) conviction must be vacated in light of *United States v. Davis*, 139 S. Ct. 2319 (2019). Section 924(c) prohibits the use of a firearm in relation to any "crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). Barret's indictment based the § 924(c) charge on "carry[ing] one or more firearms during and in relation to one or more drug trafficking crimes." App'x 63. Thus, his § 924(c) conviction was not based on carrying a firearm in relation to a crime of violence. *Davis* invalidated a clause defining a "crime of violence." *Davis*, 139 S. Ct. at 2336. Because Barret's § 924(c) conviction did not depend on the clause at issue in *Davis*, that case provides him no basis for relief.

*United States v. Barret*, No. 21-1743-CR, 2022 WL 17839286, at *1 (2d Cir. Dec. 22, 2022), *cert. denied*, 143 S. Ct. 1792, 215 L. Ed. 2d 676 (2023).

Therefore, Whitaker's claim that he was convicted under an unconstitutionally-vague statute lacks merit.

## CONCLUSION

The application under 28 U.S.C. § 2255 (ECF No. 55) is denied.  Pursuant to 28 U.S.C. § 2253, the Court declines to issue a certificate of appealability, since Defendant

has not made a substantial showing of the denial of a constitutional right.  The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.  The Clerk of the Court is directed to close this action.

So Ordered.

Dated: Rochester, New York
April 16, 2024

ENTER:

CHARLES J. SIRAGUSA
United States District Judge